IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JEFFERY A. BROWN | § | |
| VS. | § | CIVIL ACTION NO. 4:02cv7 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is Movant's "Motion to Reinstate Appeal" (docket entry no. 14). Movant seeks leave to file a notice of appeal out of time.

A final judgment was entered in the above-styled Motion to Vacate, Set Aside or Correct Sentence on May 19, 2004. However, Movant asserts that he was not made aware of such final judgment until December 21, 2005 when he received a copy of the docket sheet in the mail from his mother. Movant filed this motion on January 20, 2006.[1]

### Analysis

Rule 4(a)(1)(B), FED. R. APP. P., requires that the notice of appeal in a civil action in which the United States is a party be filed within 60 days of entry of the judgment or order from which appeal is taken. A motion brought under 28 U.S.C. § 2255 is a civil action to which the 60-day appeal period applies. *United*

---

[1] A prisoner's pleading is deemed filed as of the date it was delivered to prison authorities for forwarding to the court. *Cooper v. Brookshire*, 70 F.3d 377, 381 (5th Cir. 1995) (applying rule of *Houston v. Lack*, 487 U.S. 266 (1978), to a prisoner's complaint); *Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993) (applying the *Houston* rule to a prisoner's objections to the report of a magistrate judge). Movant certified that he delivered the above-referenced motion on January 20, 2006. The motion was filed on January 24, 2006/\.

*States v. De Los Reyes*, 842 F.2d 755, 757 (5th Cir. 1988).

Rule 4(a)(5), FED. R. APP. P., provides that the district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed above. As Movant's motion was not filed within 30 days after the expiration of the 60-day appeal period, this court is without authority to grant an extension of time under this rule.

Even providing Movant the benefit of review under the more liberal Rule 4(a)(6), for the reasons set forth below, Movant's motion still fails. Federal Rule of Appellate Procedure 4(a)(6), entitled "Reopening the Time to File an Appeal," provides as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

The Advisory Committee Notes to Rule 4(a)(6) state, in pertinent part, that the rule "establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal...." Advisory Committee Notes to 1991 Amendment.

Here, Movant's motion to reopen was filed beyond the 180-day "outer time limit" set forth in Rule 4(a)(6). More specifically, the 180-day time limit expired on November 19, 2004, more than one year before Movant's mother inquired about the status of the case on or about December 6, 2005, before Movant received the docket sheet from his mother on December 21, 2005, and before Movant filed his motion to reopen the time to appeal on January 20, 2006. Thus, Movant's motion to reopen the time to appeal under Rule 4(b)(6) should be denied as untimely. It is therefore

**ORDERED** that movant's motion to reopen the time to file an appeal is **DENIED**.

**SIGNED** this 22nd day of June, 2006.

PAUL BROWN
UNITED STATES DISTRICT JUDGE